PER CURIAM.
Appellants have moved for rehearing of a September 9, 1980 order of this court dismissing their appeal for failure to exhaust administrative remedies by first seeking review, by the Environmental Regulation Commission, of an order of the Department of Environmental Regulation. The motion for rehearing alleges this court failed to consider appellants’ argument, contained in their response to the motion to dismiss, that the portion of Section 403.804(1), Florida Statutes, which makes the Commission the “adjudicatory body for final actions taken by the Department” contained no standards to guide the administration of the statute by the agency, and is therefore unconstitutional under Article II, Section 3, Florida Constitution. We adhere to our conclusion sustaining the statute.
The guidelines for promulgation by the Secretary of the Department of rules relat *787 ing to appeals to the Commission are those provided by Chapter 120, Florida Statutes, to which the Department is subject. The statutory language in question is properly construed together with Rule 17-1.72, Florida Administrative Code. In Peterson v. Department of Environmental Regulation, 350 So.2d 544 (Fla. 1st DCA 1977), Section 403.804(1) and Chapter 17-1, Florida Administrative Code, were before the court, and the opinion stated there would be “judicial review of final agency action after review of the action by the Commission.” After the adoption and publication of the rule and the decision in Peterson, Section 403.804(1) was re-enacted. Section 403.-804(1), Florida Statutes (1979).
In addition, the 1980 amendment of Section 403.804(1) by Chapter 80-66, Laws of Florida, repealed the adjudicatory function of the Commission and simultaneously provided that the amendment “shall not affect any appeals pending before the Commission .” (emphasis ours). That language may be regarded as legislative reaffirmance of the appellate nature of the Commission’s adjudicatory function.
We conclude that appellants’ challenge to the constitutionality of Section 403.804(1) is without merit, and find no necessity for express treatment of other arguments in appellants’ motion. The motion for rehearing is accordingly denied.
WENTWORTH and JOANOS, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.